IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE LEWIS, PH.D. § | | |
|   Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. | |
| § | | |
| TRILOGY MEDWASTE, INC. AND § | | |
| KOHLBERG KRAVIS ROBERTS & § | JURY | |
| CO. L.P. § | | |
| § | | |
|   Defendant. § | | |

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Julie Lewis, Ph.D. ("Plaintiff" or "Dr. Lewis"), files her Original Complaint against Defendants, Trilogy Medwaste, Incorporated ("Trilogy") and Kohlberg, Kravis, Roberts & Company, L. P. ("KKR") (collectively referred to as "Defendants"), showing the Court as follows:

1. Dr. Julie Lewis is an African American female. During her employment, her former direct supervisor and CEO for Trilogy, Mike Fields and most recent supervisor and CEO Russel Schuster subjected her to race and gender discrimination including retaliation.

2. As a result, Dr. Lewis brings this action under 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. §§2000e-2000e-17 and the Texas Commission on Human Rights Act, as codified in the Texas Labor Code §21.001, *et seq*. Defendant violated the Texas Labor Code §21.051 *et. Seq.*, and Texas Labor Cord, §21.2585.

1

I. PARTIES

3. Plaintiff, Julie Lewis, Ph.D. ("Dr. Lewis") is a citizen and resident of the United States, residing in Fort Bend County, Texas.

4. Defendant, Trilogy Medwaste Inc. is a domestic corporation and may be served with process by serving its registered agent, Corporation Service Company D/B/A Csc-lawyers, Incorporated at 211 E. 7th Street Suite 620, Austin, Texas 78701.

5. Defendant, KKR is a domestic corporation and may be served with process by serving its registered agent, Corporate Creations Network, Inc. at its registered address at 5444 Westheimer #1000, Houston, Texas 77056.

II. JURISDICTION & VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 42 U.S.C. § 2000e-5(f)(3), because Dr. Lewis's causes of action arise under the following federal statutes: Title VII and 42 U.S.C. §1981.

7. Venue is proper in the Houston Division of the United States District Court for the Southern District pursuant to 28 U.S.C. § 2000e-5(f)(3) because Defendants reside in the Southern District of Texas, the unlawful employment practices were committed in the Southern District of Texas, and a substantial part of the events giving rise to Plaintiff's claims occurred in Houston, Texas.

III. FACTUAL BACKGROUND

8. Plaintiff Dr. Julie Lewis is an African American female.

9. Dr. Lewis was the Chief People and Compliance Officer for Trilogy.

10. Dr. Lewis has over 25 years of experience in the disciplines of human capital (HR) and operational compliance (HS&E and/or EH&S) covering various industries.

11. In September 2020, Trilogy hired Dr. Lewis as Vice President of Regulatory Affairs and Organizational Development. In July 2023, her title was changed to Chief People & Compliance Officer.

12. As the Chief People Officer, Dr. Lewis was a top-level manager who was responsible for the development of functional and business unit strategies for the entire Trilogy organization.

13. Thus, Dr. Lewis was a part of the executive leadership team.

14. The executive leadership team consisted of all white males when Dr. Lewis was hired throughout most of her tenure at Trilogy.

15. The executive team was permitted to earn annual bonuses and stock options with Trilogy and KKR.

16. Dr. Lewis reported directly to Trilogy's former Chief Executive Officer, Mike Fields, a white male.

17. Mike Fields hired Dr. Lewis with a compensation package that was much lower than her peers but promised that he would follow through with getting Dr. Lewis comparable compensation among her leadership team. He also agreed that he would do the same regarding her annual bonuses and stock options. This was a tactic to delay any discussions concerning equal compensation as her similarly situated executive leadership team members.

18. It became clear to Dr. Lewis after several months of delay that Mike fields was continuing to delay her compensation where it would be equal to her white male executive team members.

19. Mike Fields' delay caused Dr. Lewis's compensation and benefits to go beyond the effective date that she would have to get the Board consideration to approve the award of her options.

20. Initially, Dr. Lewis was hesitant about reporting Mike Fields concerning the difference in compensation for fear of retaliation resulting in the loss of her job.

21. Dr. Lewis decided to report the unequal compensation to Trilogy's CFO, Mike Mamaux, but nothing was done to resolve her compensation issue as Mike Fields was ultimately the decision-maker.

22. After months of frustration and not getting a "straight" answer from Mike Fields about being compensated fairly, she reported the issue to KKR and the Equal Employment Opportunity Commission (EEOC).

23. KKR is the private equity company that is the majority owner of Trilogy.

24. After learning that someone reported him to KKR, Dr. Lewis experienced harassment from Mike Fields almost on a daily occurrence.

25. On an annual basis, measurable objectives were established. Dr. Lewis consistently met the targets associated with each of the objectives. Her peers did not have measurable objectives.

26. In his retaliatory efforts, Mike Fields prevented Dr. Lewis from conducting internal HR-related investigations, thus reducing the scope and function of her job.

27. Mike Fields sent text messages and entered Dr. Lewis' office almost daily to demand that she reveal the names of all parties involved in reporting him to KKR. The actions and behavior exhibited by Mike Fields resulted in a stressful-toxic and hostile work environment.

28. Mike Fields used intimidation and bullying tactics in attempts to get Dr. Lewis to

tell him information regarding names of individuals who reported him.

29. Mike Fields separated from the company, Dr. Lewis reported directly to the interim CEO, Dave Owen for approximately five (5) months then the new incoming CEO, Herman Russell Schuster (Schuster).

30. A meeting was scheduled with Dan Marcus of KKR and the executive team to discuss the problems and complaints that were taking place at Trilogy with the executive team.

31. Though Mike Fields voluntarily separated from Trilogy, the lack of equity in compensation for Dr. Lewis remained the same with the new CEO, Russell Schuster.

32. Schuster actively worked for Trilogy for approximately four (4) months.

33. Dr. Lewis questioned Schuster about her compensation, bonuses, and stock options on multiple occasions to no avail.

34. Dr. Lewis experienced some of the same delays and retaliatory behaviors from Russell Schuster after he became aware that she had reached out to the EEOC.

35. Schuster went as far as to exclude Dr. Lewis from her job function when she was not included in the hiring process for three new executive team members, one of which who reported directly to Dr. Lewis.

36. Typically, Dr. Lewis would have been the leader or participated greatly in the interviewing, hiring, and extension of offers to new employees, especially management level and hiring impacting her functional unit.

37. Schuster consistently used inappropriate and foul language in the office when communicating with Dr. Lewis.

38. Not only did Schuster hire three new executive employees to the team without Dr. Lewis participation as her job function require, but he also provided two of them with higher salaries than Dr. Lewis even though they were less qualified and had not been with the company.

39. Feeling the pressure of his misgivings, Schuster increased Dr. Lewis' salary but failed to compensate her with past bonuses. However, equity-based awards were offered.

40. Eventually, Schuster informed Dr. Lewis that he and KKR were never going to compensate her for the past bonuses and outstanding options that she was initially promised by Mike Fields.

41. Schuster was placed "On Leave" after approximately four months of serving as Trilogy's CEO and shortly after denying Dr. Lewis her outstanding bonus and outstanding stock options.

42. During Dr. Lewis' employment with Trilogy, Fields and Schuster discriminated against her by refusing to compensate her with equal compensation as her all-male white executive team. She tried to persevere.

43. It was evident that Trilogy and KKR had no intentions of paying Dr. Lewis the outstanding bonuses and stock options.

44. Frustrated with no hope of being treated equally as her executive team members, Dr. Lewis separates from Trilogy and KKR.

45. Once again, Dr. Lewis is discriminated against by not being permitted to receive severance pay upon separation from Trilogy and KKR as other executive and non-executive team members who voluntarily resigned.

46. As an example, former CEO, Mike Fields, and his son Greg Fields, VP of Business Development, both received severance upon voluntarily leaving Trilogy and KKR.

47. In addition, Kristin Hodges, Administrative Assistant, received severance upon voluntarily leaving Trilogy and KKR.

48. Yet, Dr. Lewis was denied her past bonuses and stock options, as well as any severance pay for her time at Trilogy and KKR.

### IV. COUNT ONE-DISCRIMINATION BASED ON RACE
### 42 U.S.C. § 2000E-2(a)

49. Dr. Lewis adopts by reference all of the facts set forth above. See, Fed. R. Civ. P. 10(c).

50. During Dr. Lewis' employment with Trilogy and KKR, it was covered by Title VII.

51. Under Title VII, an employer commits an unlawful employment practice if it fails or refuses to hire or discharges "any individual or otherwise ….discriminate[s] against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[]" or if it limits, segregates or classifies its employees or applicants for employment "in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000E-2(a).

52. By treating Dr. Lewis less preferentially than its white employees, Trilogy and KKR discriminated against Dr. Lewis because of her race.

53. As a result of the Title VII violation(s) described above, Trilogy and KKR are liable to Dr. Lewis for compensatory damages (emotional pain, suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future), back pay

(including interest on back pay), front pay and attorney's fees (including expert fees) under Title VII. *See*, 42 U.S.C. §§ 1981a(a)(1), 1981(b), 2000e-5.

## V. COUNT TWO-DISCRIMINATION BASED ON GENDER
### 42 U.S.C. § 2000E-2(a)

54. Dr. Lewis adopts by reference all of the facts set forth above. *See,* Fed. R. Civ. P. 10(c).

55. During Dr. Lewis' employment with Trilogy and KKR, it was covered by Title VII.

56. Under Title VII, an employer commits an unlawful employment practice if it fails or refuses to hire or discharges "any individual or otherwise ….discriminate[s] against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[]" or if it limits, segregates or classifies its employees or applicants for employment "in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000E-2(a).

57. By treating Dr. Lewis less preferentially than its white employees, Trilogy and KKR discriminated against Dr. Lewis because of her gender.

58. As a result of the Title VII violation(s) described above, Trilogy and KKR are liable to Dr. Lewis for compensatory damages (emotional pain, suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, both in the past and in the future), back pay (including interest on back pay), front pay and attorney's fees (including expert fees) under Title VII. *See*, 42 U.S.C. §§ 1981a(a)(1), 1981(b), 2000e-5.

## VI.  FOURTH CAUSE OF ACTION – RETALIATION
Texas Labor Code § 21.001, 42 U.S.C. 2000e-5(k)

59. Dr. Lewis adopts by reference all of the facts set forth above. *See,* Fed. R. Civ. P. 10(c). The facts set out in Section III of this Complaint give rise to a cause of action for retaliation as set forth in the Texas Labor Code and Title VII.

60. According to § 21.001 of the Texas Labor Code and 42 U.S.C. 2000e-3(a), it is unlawful for an employer to retaliate against an employee for opposing an unlawful discriminatory practice. By the above-described acts, Defendants retaliated against Plaintiff with respect to terms, conditions, and privileges of her employment through denial of her employment rights, including subjecting her to a hostile work environment, reduction or limitation of compensation, and retaliation.  Each pay period, bonus assessment, raise evaluation, and advancement consideration (or lack thereof) constitutes an unlawful act and  continues the adverse effects of the discrimination.

61. Plaintiff has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs pursuant to Chapter 21, § 21.001, *et seq.* of the Texas Labor Code and 42 U.S.C. §2000-e-5(k).

62.  Additionally, Defendant engaged in the discriminatory practices alleged with malice or reckless indifference to Plaintiff's statutorily protected rights, and Defendant is liable for punitive damages pursuant to Chapter 21, § 21.001, *et seq.* of the Texas Labor Code and 42 U.S.C. §1981a(b).

## VII.  LILLY LEDBETTER FAIR PAY ACT OF 2009

63. Defendants have been funneling white executive team members into operation and management where the wages and benefits are significantly higher than Dr. Lewis. Plaintiff say these actions constitute discriminatory compensation declensions which have resulted in

actual damages to her.

## VIII.  ATTORNEY'S FEES & COSTS

64. Dr. Lewis adopts by reference all of the facts set forth above. *See,* Fed. R. Civ. P. 10(c).

65. Dr. Lewis is authorized to recover attorney's fees (including expert fees) on her claims by statute. *See, e.g.*, 42 U.S.C. § 2000e-5(k).

66. Dr. Lewis has retained the professional services of the undersigned attorneys.

67. Dr. Lewis has complied with the conditions precedent to recovering attorney's fees.

68. Dr. Lewis has incurred or may incur attorney's fees in bringing this lawsuit.

69. The attorney's fees incurred or that may be incurred by Dr. Lewis were or are reasonable and necessary.

70. Defendants are liable to Dr. Lewis for attorney's fees (including expert fees) by reason of the  § 1981, Title VII and IX violations described above. *See*, 42 U.S.C. § 2000e-5(k).

## VIIII. JURY DEMAND

71. Dr. Lewis demands a jury trial on all issues triable to a jury.

## X. CONDITIONS PRECEDENT

72. All conditions precedent has been performed or have occurred. *See,* Fed. R. Civ. P. 9(c).

10

PRAYER

Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove, and respectfully requests the Court grant her the following relief:

- a. Judgment entered for Plaintiff and against Defendants for damages;
- b. For actual damages for the period of time provided by law including;
- b. Back pay, plus prejudgment interest as provided by law, from the date that Plaintiff was denied equal pay for equal work;
- c. An award of the present value of front pay due to her for a reasonable period following the date of the judgment, calculated as of the date of judgment;
- d. Compensatory damages;
- e. Loss of benefits.
- h. Court costs;
- i. Punitive damages allowed for these claims;
- j. Reasonable and necessary attorney's fees and expert witness fees; and
- k. All other relief to which she is entitled.

Respectfully submitted,

By: *Mickey L. Washington*
Mickey L. Washington
Federal Bar No. 35786
WASHINGTON & ASSOCIATES, PLLC
2019 Wichita Street
Houston, Texas 77004

Telephone: (713)225-1838
Facsimile: (713) 225-1866
Email: mw@mickeywashington.com

ATTORNEYS FOR PLAINTIFF